In re a MINOR CHILD

High Court of American Samoa
Trial Division

JR No. 76-87

April 20, 1988

Before KRUSE, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Petitioner, Togiola T.A. Tulafono

The facts herein are: grandmother, a widow, is 79 years of age and seeks ultimately the adoption of her 10 year old granddaughter. To this end, the natural parents have brought these proceedings to relinquish their parental rights to the minor.

The minor's natural circumstances are that she is one of four children. Her parents are 49 and 39 years of age respectively. Both are gainfully employed, and they have secured a family home.

115

The child is said however to have spent most of her life under the care of grandmother who lives next door to the child's family home. Grandmother's household also includes another married daughter, her husband and other grandchildren. We note from the reports of the Child Protection Services Agency that grandmother has had charge of many of her grandchildren, although she has only considered the adoption of the minor before the Court. The reports further reveal that by way of income, grandmother receives a monthly social security check of $175 and an allotment of $100 per month from one of her sons who is serving with the Armed Forces. Notwithstanding, it is also the conclusion of the Child Protection Services Agency, that the realities of grandmother's household are that the daughter and son-in-law are in fact the breadwinners.

We have no doubts on the evidence that grandmother has exhibited the qualities of being a fit, loving and caring parent, but we are equally without doubt that she is not any more fit and suitable than the natural parents. Additionally, given the fact that a relinquishment order would have the final effect of divesting the natural parents of any further obligations towards the child --- A.S.C.A. § 45.0403(d) --- the respective ages of the grandmother and the natural parents bear significantly when weighed against the child's remaining and expected years of dependency. In these circumstances the child would obviously be better off with her status quo remaining. There is nothing on the evidence to suggest any specific advantage to the child necessitating a relinquishment order. The relationship existing between the grandmother and grandchild may nonetheless continue.

We accordingly deny the petition as being contrary to the child's best interests and welfare.